the fourth district appellate court of the state of illinois has now convened the honorable robert j stegman presiding thank you mr davis good afternoon everyone this is our case 4-23-1312 people the state of illinois versus aswad j coats i'd like uh counsel for the appellant please state your name gregory peterson your honor okay and mr robinson uh mr crosby will do the arguing is that correct that's correct your honor well welcome mr crosby happy to have you here and i'm sure you will find it an interesting experience so good for you hey uh then mr peterson without further ado you may proceed sir thank you your honor may it please the court my name is gregory peterson i work for the office of the state appellate defender and i represent aswad coats counsel i stressed in my reply brief your honors that this was a pretextual stop the reason i stress that is because this is a totality of the circumstances analysis and when the totality of the circumstances here is considered this is five minutes of insubstantial argument this is a discussion this is someone questioning the reason reason for and one of the things we know is that the police officer's reason for making the stop was in fact incorrect that was a legal left turn as this court has recognized in the past so while the stop is permitted mr coats was driving in excess of the 30 mile an hour speed limit i think it's completely reasonable for him to wonder why it is that he's being pulled over at this moment we also see from the record that he other than speeding wasn't doing anything wrong there wasn't contraband in the car there were no weapons found by the time they're searching through the trunk of their car the officers are making jokes about be careful that you don't run into anyone's underwear in that pile of laundry and the jokes matter too because the state in its brief contends that this was an officer safety issue that that this police officer was in danger and that he not only was in danger but he felt that in the moment he felt scared the record simply does not reflect that we requirement counsel i i not an absolute requirement your honor but i think i would concede that if officer safety was actually implicated in here that would be a material in obstruction the u.s supreme court made clear that the police officer in a traffic stop has absolute discretion in determining either one occupants of the vehicle should stay in the vehicle should get up i don't believe absolute discretion no your honor but i i do agree that there's substantial discretion given that so they can the supreme court of the united states says the police officers can do that sometimes yes your honor i think if it was for what's the criteria that the supreme court is used to explain when the police may direct someone to get out of the car i i think it's when officer safety is actually indicate uh implicated i've had other cases for instance where the driver and the passenger have an order of protection against each other that traffic stops are dangerous things and the police don't know who they're stopping they are stopping a car and there's someone in the car and when you say for officer safety uh how is a police officer supposed to know uh whether or not this is a dangerous person and if um given the dangers with routine traffic stops and the lack of awareness of police and who they stop what what is the basis to conclude that the police erred in telling someone at a traffic stop get out of the car your your honor i feel like there's there's two answers i'd like to give to that question i'll start with the more direct one which is that in this case we have it from the officer himself that he wasn't threatened we have him saying that mr coates received the obstruction charge because he made the officer work so so in this case the reason that i'm distrusting the argument that the officer was afraid for his his physical well-being is because we have it straight from the officer so having said that you wouldn't be here on appeals yes your position no your honor i think frankly your honor i don't think a crime was committed here at all but to the extent that officer safety could be implicated if it is implicated in this case it is implicated in every case and anyone who is pulled over by a police officer is automatically obstructing and resisting from moment one well then that unless they refuse to get out of the car well well this is this is what would have been my second answer to your previous question your honor i don't think the um command to tell him to step out of the car i'm not arguing that that's unlawful i'm arguing that 40 seconds of forceful but polite disagreement with that order followed by mr coates being physically dragged out of the car from behind that's the bit that i'm focusing on so i'm not saying that officer and one did not have the authority or the discretion to give that order i i'm saying that 40 seconds later mr coates had not committed a crime by not this law require the police officer to wait before he can force the driver out of the car yes your honor how long was my question i don't think 40 seconds isn't if 40 seconds is too short what's the criteria and what would be long enough it's a totality of the circumstances um analysis your honor i do not think there is a set time limit either way but i think we can both agree that if they had ordered mr coates out of the car grabbed him a millisecond later and removed him from the car that wouldn't have been obstruction and i think we can agree that if they were still arguing on the side of the road by 8 a.m the next day that's obstruction so it's a i don't want to reject the applicability of the timing concerns here but they're not the only the only concern here these are fact intensive analyses that um should be considered for the totality of the circumstances and i question to this extent this is a question of fact and whether or not uh this delay uh was obstruction why isn't that something that uh we can look to the jury to resolve uh common experience in life and all the rest they were instructed after all that uh state has to prove beyond the reasonable doubt that the defendant knowingly resisted or the performance by the officer here and they came back and said guilty why doesn't that do i why should we reject the uh jury's determination that apparently the uh police in this to the extent they had to wait at all before forcing him out the police in this case waited long enough you should reject that your honor because the illinois supreme court has told you you must has said that material impediment is an element okay that that goes to the second question council about the material impediment uh but uh on the question of do they wait long enough wasn't doesn't the jury's guilty verdict answer that no your honor not when the jury was not instructed on material on materiality by the way i since he brought that up the illinois supreme court directs trial judges to use ipi criminal instructions whenever uh they are on point and there's an ipi number 2214 dealing with uh the charge of resisting or obstructing a peace officer i'm sure you're familiar with it the materially obstruction doesn't appear there is the ipi instruction wrong yes your honor i i think outside of even the context of this appeal getting the pattern instruction change to reflect the current state of the law is something my office is pursuing after castler it simply does not accurately set out everything that the jury must find so we'd have to conclude that the ipi instruction was wrong and the trial court aired by giving the ipi instruction without modifying it is that correct i don't think so your honor i think they're overlapping but distinct questions of was the jury given the correct instruction and did the jury know the elements that they were required to find in order to convict and well i think there's a closer argument as to that first question but the second question did the jury understand the elements of the offense we can categorically say no they were not instructed on this so your your honor justice segment you had asked well the jury found that he obstructed him i think it's clear that he obstructed the officer in a de minimis way without the materiality aspect everyone's instruct uh obstructing unless they comply at an instantaneous level and even then it would be within the officer's discretion whether your immediate compliance was immediate enough but the the whole point of that materiality requirement is to allow the finder of fact to make the determination about what whether this was enough i i said that i believe the panel would be in full agreement with me that if this was a millisecond mr coates's convictions couldn't stand i would concede that this if this was 12 hours i wouldn't be challenging them um but that is a fact question i do believe no rational jury could have found materiality in this case but i think it's also important that this jury was not instructed but timing is not the only issue here in our fact analysis it's also the character of the stop this is why i um discussed at great length people if counsel if i may before we have looks like you might be switching gears there a little bit i want to make sure we have time to talk about the saturday or the saturday case um because you have suggested in your brief that that case is dispositive and i want to make sure that um we work through a few points and questions i have with regards to that case first do you agree that the defendant in the saturday case was actually charged under an earlier version of the statute i believe so yes your honor okay and so the statute now effective that we're dealing with here um as of january 1st of 2023 was amended to distinguish between the two different types of conduct giving rise to the offense of an act of resisting and obstructing correct i believe so your honor now under the saturday case the first district specifically based their analysis on whether the defendant's behavior constituted an act of resistance correct yes okay does the fact that the court focused on resistance change the analysis analysis such that that makes that case distinguishable from our case here no your honor and the reason here is that we are doing even in one edition of the statute books we're dealing with three different statutory uh provisions we're dealing with obstructing justice obstructing a peace officer and resisting a peace officer but didn't the first district note specifically um that it's stated critically the state only charged the defendant with resisting not obstructing they seem to suggest that there would be a different analysis there not on materiality your honor i think the illinois supreme court has set out quite clearly that the materiality requirement runs across all three of these statutes let's focus this as we evaluate the portion that involves whether or not he handed over his license and whether that act alone would be sufficient um to constitute obstruction whether the evidence was sufficient so focus the comments with regards to that issue if you would yes your honor um i i think what we have here is in an indication that mr coates would comply if given a sufficient explanation by the officer as to the cause of the stop and you see the officer and he never says that counsel and he actually doesn't comply at any point the officer actually has to take his license out of the wallet doesn't he they i believe they physically remove him from the car and that essentially takes his ability to comply out of his own hands but i um the state has filed a motion to cite uh people against sherman willis i think the comparison of the facts in willis versus here to some extent illustrates what i'm saying uh the officer in that case told mr willis if you don't get out i'm going to break this window and willis tells him okay break the window we we have that active indication of this is over this is never going to work whereas if mr coates's phrasings is always i don't have to do that until you tell me this until you provide me with a sufficient explanation didn't he also though continually discuss how he didn't find a traffic violation to be quote unquote against the law so i mean at some points it seems like the officer is going around in circles if you will with the defendant and compliance did not seem to be anywhere near uh in the near future i have two answers to that first of all your honor compliance does not seem to be coming in the near future is a is just a characteristically different situation than a statement that you will not comply a statement that okay break my window but second of all to the extent that there has to be a line somewhere that is a fact question that was taken from the jury in this case so um and you're suggesting it was taken because they weren't instructed with regards to materiality yes your honor and the whole point of materiality is that three days of argument is obviously obstruction a millisecond of argument is obviously not instruction is obviously not obstruction so finding where to draw that line based on the circumstances of the case again my position is that it was simply not enough for any rational jury but the jury here had that decision taken away from them but i i also um before your honor asked the question i i wasn't necessarily moving into issue two of the brief as much as making sure that i discussed the characteristics of this stop other than the length of what happens people versus meta is a case where officers are responding to a shots fired incident involving two people in a vehicle when they stop a vehicle it matches the description the driver takes off running and the second person won't turn around that's key that's dangerous that's the officer would absolutely be right in that situation to be nervous about his physical safety people versus mcandrew which i discussed in my reply brief and which played a part in the analysis in willis that's someone being arrested for presumptive dui slurring that she'd just been to see a star born and asking the cop asking the officer excuse me if she can finish her bottle of vodka while she waits that's a different situation than we have here people versus osmond that defendant's already been hit in the leg with a less than lethal bullet and he drops to the ground and starts doing push-ups there's an element of humor to these cases because of how dramatic they are how heightened they are compared to this this is a stop at its very worst for going 38 and a 30. Mr. Coates's fiancee is sitting between him and the officer taping the whole thing the officer makes it clear you made me work listen i i don't know you you don't know me i i'm over here on the media because officers are on the shoulder because officers can get hurt this this is a discussion it's it's a discussion that involves both parties citing case law and admittedly the officer's case law was significantly better it's a california appellate case that's a favorite of sovereign citizens against the united states supreme court i'm at least to that extent i'm not saying the officer was wrong on the law although i maintain and i think this court agrees that the officer was wrong on the law about that left turn this is annoying at the very most you can see the exasperation from the officer another thing i would point out is the moment at which the officer calls for backup and the manner in which he does it it's um when Mr. Coates says at about two minutes and 30 per time stamp i'm a sovereign citizen i have the right to travel officer Antoine immediately steps away from the car and goes can i get some more people at your staff he knows it's not going to be a completely routine interaction but he doesn't make a move for his weapon he doesn't indicate in any way that he's in danger and again we can know that he's not in danger because he says so himself he says you're catching this obstruction charge because you made me work i think we can require officers to work i think we can require something other than immediate and total submission and this is this is a case where obstruction is the only charge i i think let me ask just for a moment to distinguish a little bit because we spent some time with the saturday bay case you know that case is in the middle of the day it's at one o'clock it's two squad cars multiple officers this is you've indicated as i'll say approximately nine or ten o'clock at night somewhere around there they're pulled off on the side of the road it's an officer by himself and while i i understand and i appreciate and i guess i'll use the phrase that that particular instance alone may not be fraught with danger as the stop continues and the officer is not getting compliance those matters do come into context to the stop and at least at that point the officer felt he needed to call for some i'll say assistance versus help not suggesting it's a fraud with danger but i mean at that point the delay has now required the officer to seek assistance and pull officers from other areas to assist him and that delay is caused by the defendant's failure to comply would you concede that no as to the very last point your honor i i would say he calls for assistance um i believe within 15 seconds of i i see my time is expired by briefly also apparently there's a sound effect with that he calls he calls for the additional officers within the first minute i believe within the first 20 seconds of talking to mr coates at that point it's not about mr coates's refusal to comply it's about mr coates's statement that he's a sovereign citizen which well annoying for the officer is first amendment protected and i i suppose the last thing i want to mention on that point is the case law out there about whether a missing element in jury instructions can be harmless um the illinois supreme court and people versus davis distinguishes between cases where the missing element transfers one crime into another versus transfers something that isn't a crime into something that is this is the latter scenario if he doesn't materially obstruct the officer's authorized duties mr coates has done nothing wrong thank you so you have an opportunity to address this again in rebuttal thank you cross me on behalf of the appellee you may proceed sir may it please the court your honors um this case hinges on a question of fact that should have been left to the jury and that question was not taken away from the jury due to some sort of instructional error and that's because the jury was properly instructed when it comes to this material impediment component of the statute this court has has previously held in people v wellis um that here you know when the jury's aware of the defendant's obstructive conduct when there's been detailed evidence and arguments at there is no need to provide an additional instruction that deviates from the ipi instruction in order to inform the jury on this materiality component which this court has described as an implicit component of the statute i would add again that this these terms here materially impede was reached by the illinois supreme court by looking at the dictionary definition of the term of obstruct and you know in that case we have a dictionary definition this is a commonly understood definition and as such there would be no need to provide an additional instruction to inform the jury as to a definition of a term they're already expected to know so so for this reason you know there really is no instructional error i would i would add that you know the the reason that we have this term material impediment goes back to people v comage people v cassler and in these cases we're not looking at at the obstructing a peace officer statute we're looking at the obstructing justice statute and the reason review was granted in these cases is because the language of the statute is different the obstructing justice statute enumerates a list of conduct that a person could do to obstruct without exclusively mentioning that those types of conduct must amount to an obstruction themselves so that was the reason that we have this string of cases in obstructing justice statute cases but that's really a whole separate issue from obstructing a peace officer here it's very clear that there must be an obstruction because the statute exclusively states that it's a prescription on obstructing a peace officer it's not about concealing evidence it's not about lying to police officers it's not about resisting arrest you know it's very clear what's required here you heard mr peterson harping on the idea of the materiality and how the jury in order to evaluate this conduct according to language he cites must be able to view this as a material impediment as opposed to just something minor that's his primary argument what what is your response to that that the jury did view it as a material impediment and and that any you know jury would be expected to review it as a material impediment because that is what the definition of obstruction is all obstruction now some courts have referred to this as a de minimis exception i think that that can be it can be a little confusing when we're referring to like an element a de minimis exception but at the end of the day the definition that was reached in comage material impediment was the definition it was not an impediment a material impediment is an obstruction the court says conduct that obstructs that is conduct that materially impedes it's not conduct that impedes so really the the jury would be expected to know that this that a material impediment is an obstruction in the in the first place now i would i would add that you know even you know somehow if this is an error if the jury should have been instructed if we want to look at the plain air analysis again it's it's very clear that's you know because of the safety threat because of the knowledge that the jury has this this was clearly the right decision that you know any rational trier fact would have reached and i think you know here we have the defense counsel relying on people be saturday heavily but here we have these facts in this totality of circumstances analysis that clearly demonstrates you know this wasn't a close call there was there was clearly a a safety threat to officers and i would direct the court to people v spinoff which is this very court has previously decided we have you know the same sorts of same sort of facts you know a defendant stopped on side of the road the middle of the night they're commanded to produce their id and to exit their vehicle four times they did ultimately comply and a split second after they were grabbed on the arm and the defendant again in sinat was arguing with the officer about the law and why they were not required to comply with the police officer you know we have the same set of facts here we have even if i may though with with menna and a few other the cases that we have here there does seem to me to be if you will two different frameworks somewhat that we evaluate these cases uh one is those cases in which you know the situation is really fraught with danger inherently dangerous where there is information where they're looking for someone with a weapon or where there are other indicators and i appreciate that in this case the officer made the statement you know officers get shot but but as appellate counsel has pointed out you know just because someone stopped for a traffic violation and there are no other indications that this situation was inherently dangerous what other evidence really is in the record other than this was a traffic stop at night that would put us in that that framework or those categories uh where officer safety is is clearly threatened well your honor we i think as when we look at the totality of the circumstances we have an officer stopped standing on the side of the road at night we have the defendant who's identified themselves as a sovereign citizen that's someone who is not going to comply someone who would cause the officer to call for backup out of fear that this defendant may resist the officer you know when we're looking at all of these factors the jury looked at these facts and made the conclusion that together these amount to a amount to a feared officer safety you know i would i would add here in in this case in trial the defense counsel even acknowledged to the jury that the officers were in fear because they were and i quote afraid of what the people in the car might do the defense counsel painted this as a case of a theme of fear both fear by the defendant and fear of by the officers so it was very you know clear-cut whether we're looking at the facts of similar cases it wasn't really a question it was an uncontested fact of the case that the officers were placed in fear during trial so the jury would really almost have no choice but to conclude that the officers were placed in fear when as much was stated by defense counsel in trial so what about mr peterson pointing out how the officer uh said at some point that he wasn't afraid and also the other thing mentioned uh was that uh how uh his line that the officer said gee i was you just made me work i was going to review all that and how could the trial try or affect you well i believe that defense counsel perhaps mischaracterized the statement you made me work the officer did not say you're going to be charged with obstructing a peace officer because you made me work rather the defendant questioned what he had done wrong and he was in that context that the officer stated you made me work but again i don't think that anyone would would take this literally i don't think the jury would would think that that all that the defendant had done here was make the officer work you know we have the the defendant refused to produce his id he refused to exit the vehicle he was arguing with the officer and this wasn't a polite debate about the the case law and uh you know whether the california um appellate court should be you know persuasive in illinois this this wasn't a debate about the law there was maybe a line or two a sentence or two um about about you know this base law issue but for the most part it was you know you can't tell me what to do you know i'm a sovereign citizen i'm not going to do what you asked me to do um so i think that that right there um is a bit of a mischaracterization and then um you know the the officer no matter what the saying to the defendants um you know i believe here the officer um perhaps was um intending to cool down the situation uh in his interaction with the defendant he wasn't going to tell the defendants you know i'm afraid for my safety i'm calling for backup you know he was trying to to would have reached in this case and arriving at its decision but i think you know when we're looking at the totality of the circumstances here it was very clear that that there was a threat for officer safety and that's that would be the reason for that finding here i think that it's really important to touch on the case of people v saturday i think that the first district has taken a different approach to the the issue of placing an officer in fear for their safety and whether this would amount to an obstruction and it's reached that conclusion based on people these are not the the case that this court has authored in distinguishing between a significant impediment and a material impediment and that's the reason we have some cases in which you know if we were to apply the the law correctly uh it would seem that an outcome would be reached different than the differently than the first court the first district court uh reached council just to make sure i'm clear you're not suggesting that the case is merely distinguishable here you're suggesting that it was wrongly decided that's correct your honor um people v saturday was wrongly decided for for two reasons the first of which is by distinguishing between a significant impediment and a material impediment saturday cites this court's decision in senate and in order to reach this language significant impediments and differentiate it and say that it acknowledges that while the officer in saturday was placed while while his safety was put in jeopardy this was merely a significant impediment it wasn't a material impediment but this court has stated in people v gotchell again that the people v senate found there to be a material impediment although it uses only the language significant impediment the illinois supreme court has also found or stated that saturday found there to be a material impediment in people v baskerville so really there there is no difference here between a significant impediment and material impediment in fact this very court uh just a couple weeks ago and people v willis uses the language significant impediments and material impediment interchangeably in its opinion so for this reason it was simply wrong as a matter of law to draw this distinction in people v saturday now additionally saturday also relies on this distinction about physical resistance or physical obstruction that the defendant would have to physically exert himself in order to create an obstruction and again the the illinois supreme court has stated that that is not the case in fact this mistake right here also explains why a number of cases that deal with obstructing justice were decided incorrectly following this illinois supreme court decision so so really i think for both of those reasons there's really not a good reason to rely on people v saturday in over this court's own decision in people v senate and people v willis you know i'd also like to touch on the issue of whether this jury instruction error was preserved by the defense counsel's supposed ineffective assistance of counsel um you know i think that there's really no way that this issue was preserved um because you know first of all um the deficiency prong here can cannot be met um the defense counsel has argued that um you know because the um defense counsel did not object to the ipi instruction or offer an alternative instruction or raise the issue and emotion that this was of counsel um you know but here the jury never requested any clarification um the jury never asked any question about what the term obstruct means um you know here and and in any way um in any event um it would not make sense to provide instruction when we're asking for the definition of a commonly understood term to provide a dictionary definition of a commonly understood term that would simply be superfluous i mean there's really no need to to request an unnecessary jury instruction that's not the kind of conduct that's deficient performance it would actually be inefficient performance to ask for this needless instruction um but additionally you know we don't have any prejudice here um you know there we can't really expect the jury to have reached a different outcome had they been instructed on a commonly understood word using a dictionary definition and really that that is what the defense counsel is proposing when we're discussing changes to the ipi instruction um this is you know a material impediment it's really just not a necessary instruction here we we already know what that means we expect the jury to know what that means your honor so really for these reasons um we ask that the the court affirm thank you thank you counsel mr peterson behalf of the appellate you may make your rebuttal argument at this time sir thank you your honor um a few of my responses to the argument the state just uh just advanced i think are adequately set out in my briefs including the theme of fear there uh defense counsel wasn't arguing that the police officers were fear uh fearful frankly i believe what defense counsel was doing was going for jury nullification counsel thought that de minimis obstruction was enough and so argued that mr coates's fear made him incapable of knowingly resisted effective counsel would have fought that on the element that was there the element of a material impediment uh relatedly i think the state is essentially reading cassler out of existence if material impediment is included in the the standard definition of obstruction then there was no reason that the illinois supreme court needed to grant review in that case in the first place it's there and this ipi instruction is outdated but uh justice lannard your your question about saturday i'd like to give you a more comprehensive answer to that and i'd like to point you to paragraph 39 of saturday um that's talking about the difference between obstruction and resistance and it says and i'm quoting here acts that obstruct may be different from those that resist but the line by which they become criminal is drawn in the same place that case then goes on to talk about the physical actions that mr saturday did while saying that the physical component can include in action and that's what we're dealing with here as well mr coates does not unlike for instance mr willis or any of the other cases we've discussed his what mr coates is doing physically is he's not doing things but i agree if those are a material impediment to the officer's duties then they're enough to be obstructive my my whole point here is that they're not and that decision was taken away from the jury i'd also um point out that the state says that what the officer was doing when he was engaging uh mr coates in this conversation was that he was stalling as he waited for other officers to get there your honors will be well familiar that this is not part of an officer's authorized duties if you don't have the backup there then you don't have the backup there but i understand that the reason this discussion was occurring was because mr coates wanted a proper explanation for what had happened he wanted to know why when he was driving 37 and a 30 the moment he crossed into the town's limits a squad car started following him he wanted to know when he and he said all he had been doing was driving home at a maximum of 37 and 30 why it was this time that he gets pulled over why when he makes a legal left turn he gets pulled over and so we talked about you emphasized the remarks of the police officer as we evaluate that testimony what about the statement of the defendant telling the officer that he was a sovereign citizen and what all that might mean to the officer to what extent does that help to inform the officer's judgment that he's going to need backup and that he's not likely to get cooperation by just having a respectful explanation and dialogue with the defendant as he sat in this in his car i don't think it's by any means dispositive your honor and and the reason is because that's having fringe political beliefs is first amendment protected i do believe about political beliefs counsel we're talking about behavior associated with that belief such as a reluctance if not a refusal to accept police authority in a situation like this why wouldn't your clients volunteering to the officer that is a sovereign citizen put the officer on notice that he has no reason to believe that respectful discussion is going to lead to any resolution of this situation where the defendant will voluntarily comply with the officer's direction to get out of the car frankly your honor because of my own life experience i represent sovereign citizens i do well counsel that's it that's interesting but i want to know we don't have uh your experience advising the officer i want to know to what extent should we infer from uh your clients volunteering this information the officer that this makes the uh judgment that much more appropriate that this guy's never going to comply with what i have to say as opposed to a situation where he hadn't volunteered that what about that uh recognizing that my time has expired go ahead take your time to answer the officer's judgment from that moment is is not that compliance will never occur it's that compliance may require more discussion to to get to that it's it's not going to be all that what what is there in this record that suggests the officer uh doesn't believe compliance will never occur the fact that the officer keeps our um keeps offering case law and keeps uh there's a moment during that's while waiting for the uh others backup once he was told the sovereign citizen that's what he's doing but as soon as the other officers get there uh what basis does this officer have to believe this discussion will ever bear fruit that your client will get out of the car voluntarily he sees from the discussion they're having that the discussion is moving albeit slowly your honor he uh after about the time that mr coat cites people versus battle the officer asks him okay what is that what's the holding in that case he's willing to engage with him i think there's indication of that i i do want to just briefly because the state says i'm misrepresenting the record i'd like to finish with um the time stamp is 27 40 through 2802 of uh officer antoine's squad camera uh the direct quote is there's no hard feelings but here's where i'm at and then i i skipped a little i'm not going to give you any tickets for speeding or the lane violation or any of that you're going to get one citation for not having a license and then you're going to get it's obstructing because you you made me work that's the officer's own words that's the officer's explanation of what happened mr coates is expression of his admittedly fringe admittedly incorrect theories about the law annoyed this officer enough that the officer decided to arrest him for obstruction castler requires more okay thank you counsel thank you your honor the court will take this matter under advisement and do course issue a written decision and at this time we'll stand adjourned